IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEVIA MOULTRIE,

      Plaintiff,

v.

PENN ALUMINUM INTERNATIONAL,
LLC, THE MARMON GROUP, LLC, and
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, AFL-CIO,
LOCAL 702,

      Defendants.   No. 11-cv-500-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant Penn Aluminum International, LLC's ("Penn Aluminum") motion to dismiss count IV (Doc. 35), a violation of the Illinois Human Rights Act (the "IHRA" or the "Act"), 775 ILCS 5/1-101 *et seq.*, of plaintiff Levia Moultrie's first amended complaint (Doc. 35). For the reasons stated below, defendant Penn Aluminum's motion to dismiss (Doc. 35) is granted because plaintiff's IHRA claim is untimely.

## I. Background

On September 3, 2009, plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Opportunity Commission ("EEOC"). On November 16, 2010, the IDHR notified plaintiff that it determined that there was not substantial evidence to support the allegations of his

charges. Accordingly, the IDHR dismissed the charges and gave plaintiff notice that plaintiff could seek review of the dismissal before the Illinois Human Rights Commission (the "Commission") by filing a "Request for Review" by December 21, 2010, or could "commence a civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice." The notice also informed plaintiff if he intended to exhaust his State remedies, he should notify the EEOC immediately as "[t]he EEOC generally adopts the Department's findings." The notice also contained the following information:

> 4. If an EEOC charge number is cited above, this charge was also filed with the [EEOC]. If this charge alleges a violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of 1967, Complaintant has the right to request EEOC to perform a Substantial Weight Review of this dismissal. Please note that in order to receive such a review, it must be requested in writing to EEOC within fifteen (15) days of the receipt of this notice, or if a request for review is filed with the Human Rights Commission, within fifteen days of the Human Rights Commission's final order. Any request filed prior to your receipt of a final notice WILL NOT BE HONORED. Send your request for a Substantial Weight Review to EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661. Otherwise, EEOC will generally adopt the Department of Human Rights' action in this case.

On March 30, 2011, the EEOC sent plaintiff a dismissal and notice of rights, notifying plaintiff that the EEOC was closing its file on his charge and as the notice sent by the IDHR had warned plaintiff if he did not request the EEOC to perform a review within fifteen days, the EEOC had adopted the findings of the IDHR. The dismissal stated:

> This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under

federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 days of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

On June 14, 2011, plaintiff filed his complaint in federal court against Penn Aluminum alleging three counts: racial discrimination, retaliation, and violations of the IHRA. On October 26, 2011, plaintiff filed his first amended complaint, adding claims against the Marmon Group, LLC ("Marmon"), the parent company of Penn Aluminum, and the International Brotherhood of Electrical Workers, AFL-CIO, Local 702 (the "Union"), the labor organization to which plaintiff belonged. Specifically, plaintiff alleged five counts, including his IHRA violation claim (count IV) against Penn Aluminum, breach of contract (count I), racial discrimination (count III), and retaliation (count V) claims against Penn Aluminum and Marmon, and a § 301 breach of duty of fair representation claim (count II) against the Union. At issue here is Penn Aluminum's motion to dismiss the IHRA claim (count IV) for lack of timeliness (Doc. 35).

## II. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss, a complaint must establish a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of the complaint must be sufficient "to raise a

right to relief above the speculative level." *Id.*

In making this assessment, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. See *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007), *cert. denied*, 553 U.S. 1032 (2008). Even though *Twombly* (and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint: "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). It is well settled that in deciding a motion to dismiss, a court may consider documents attached to the motion to dismiss if they are referred to in plaintiff's complaint and are central to his claim. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)).

### III. Analysis

It is undisputed that plaintiff was issued his notice of dismissal from the IDHR on November 16, 2010. Pursuant to the IHRA, if an aggrieved individual who has filed a charge with the IDHR chooses to commence a civil action in a circuit court, he or she must do so within ninety days after receipt of the IDHR's notice of dismissal. 775 ILCS 5/7A-102(C)(4). Ninety days from November 16,

2010, was February 14, 2011.  Plaintiff did not file his original complaint against Penn Aluminum, however, until June 14, 2011, four months after the IHRA deadline.  This Court held in *Brandenburg v. Earl L. Henderson Trucking, Co., LLC*, No. 09-cv-558, 2010 U.S. Dist. LEXIS 53664, at *14 (S.D. Ill. June 2, 2010), that an IHRA claim not brought within the ninety day period is properly dismissed as untimely.   Thus, plaintiff's IHRA claim against Penn Aluminum must be dismissed.

Recognizing this, plaintiff asserts that the IHRA sets forth the intent of the Illinois legislature that any time limit for filing a state law claim is tolled during the EEOC investigation.  In support, plaintiff points to 775 ILCS 5/7A-102(A-1)(5) which provides that the "[t]he time limit set out in subsection (G) of this Section is tolled from the date on which the charged is filed with the EEOC to the date on which the EEOC issues its determination."  775 ILCS 5/7A-102(A-1)(5).  Plaintiff asserts that since the EEOC did not issue its determination until March 30, 2011, the ninety day limitations period did not start running until that time.  Alternatively, plaintiff argues that the state law ninety day period marks the end of state jurisdiction but does not end federal jurisdiction.  Plaintiff posits that the Illinois ninety day period defines the end of the time within which a plaintiff may pursue exhaustion of state administrative remedies.

"Courts must apply a statute as written when the language is plain and unambiguous." *Manning v. United States*, 546 F.3d 430, 433 (7th Cir. 2008) (citing *Dodd v. United States*, 545 U.S. 353, 359 (2005)).  When interpreting

statutes, words are given their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent. *Gillespie v. Equifax Info. Servs., L.L.C.*, 484 F.3d 938, 941 (7th Cir. 2007) (quoting *United States v. Davis*, 471 F.3d 783, 787 (7th Cir. 2006)). Courts must construe statutes in the context of the entire statutory scheme and avoid rendering statutory provisions ambiguous, extraneous, or redundant. *Gillespie*, 484 F.3d at 941 (quoting *Cole v. U.S. Capital*, 389 F.3d 719, 725 (7th Cir. 2004)). Courts should interpret the statute so as to reach a reasonable result, consistent with the intent of the statutory scheme. *Id.* The title of a section can clarify ambiguities in the legislation's text. *Storie v. Randy's Auto Sales, LLC*, 589 F.3d 873, 877 (7th Cir. 2009) (citing *INS v. Nat'l Ctr. for Immigrants' Rights*, 502 U.S. 183, 189-90 (1991)).

Section 775 ILCS 5/7A-102 of the IHRA sets forth the procedures for filing a charge under the Act. That section provides as follows:

> Sec. 7A-102. Procedures. (A) *Charge.*
>
> (1) Within 180 days after the date that a civil rights violation allegedly has been committed, a charge in writing under oath or affirmation may be filed with the Department by an aggrieved party or issued by the Department itself under the signature of the Director.
>
> (2) The charge shall be in such detail as to substantially apprise any party properly concerned as to the time, place, and facts surrounding the alleged civil rights violation.
>
> (3) Charges deemed filed with the Department pursuant to subsection (A-1) of this Section shall be deemed to be in compliance with this subsection.

(A-1) Equal Employment Opportunity Commission Charges.

(1) If a charge is filed with the Equal Employment Opportunity Commission (EEOC) within 180 days after the date of the alleged civil rights violation, the charge shall be deemed filed with the Department on the date filed with the (EEOC). If the EEOC is the governmental agency designated to investigate the charge first, the Department shall take no action until the EEOC makes a determination on the charge and after the complainant notifies the Department of the EEOC's determination. In such cases, after receiving notice from the EEOC that a charge was filed, the Department shall notify the parties that (i) a charge has been received by the EEOC and has been sent to the Department for dual filing purposes; (ii) the EEOC is the governmental agency responsible for investigating the charge and that the investigation shall be conducted pursuant to the rules and procedures adopted by the EEOC; (iii) it will take no action on the charge until the EEOC issues its determination; (iv) the complainant must submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on complainant; and (v) that the time period to investigate the charge contained in subsection (G) of this Section is tolled from the date on which the charge is filed with the EEOC until the EEOC issues its determination.

(2) If the EEOC finds reasonable cause to believe that there has been a violation of federal law and if the Department is timely notified of the EEOC's findings by complainant, the Department shall notify complainant that the Department has adopted the EEOC's determination of reasonable cause and that complainant has the right, within 90 days after receipt of the Department's notice, to either file his or her own complaint with the Illinois Human Rights Commission or commence a civil action in the appropriate circuit court or other appropriate court of competent jurisdiction. The Department's notice to complainant that the Department has adopted the EEOC's determination of reasonable cause shall constitute the Department's Report for purposes of subparagraph (D) of this Section.

(3) For those charges alleging violations within the jurisdiction of both the EEOC and the Department and for which the EEOC either (i) does not issue a determination, but does issue the complainant a notice of a right to sue, including when the right to sue is issued at the request of the complainant, or (ii) determines that it is unable to establish that illegal discrimination has occurred and issues the complainant a right to sue notice, and if the Department is timely

notified of the EEOC's determination by complainant, the Department shall notify the parties that the Department will adopt the EEOC's determination as a dismissal for lack of substantial evidence unless the complainant requests in writing within 35 days after receipt of the Department's notice that the Department review the EEOC's determination.

(a) If the complainant does not file a written request with the Department to review the EEOC's determination within 35 days after receipt of the Department's notice, the Department shall notify complainant that the decision of the EEOC has been adopted by the Department as a dismissal for lack of substantial evidence and that the complainant has the right, within 90 days after receipt of the Department's notice, to commence a civil action in the appropriate circuit court or other appropriate court of competent jurisdiction. The Department's notice to complainant that the Department has adopted the EEOC's determination shall constitute the Department's report for purposes of subparagraph (D) of this Section.

(b) If the complainant does file a written request with the Department to review the EEOC's determination, the Department shall review the EEOC's determination and any evidence obtained by the EEOC during its investigation. If, after reviewing the EEOC's determination and any evidence obtained by the EEOC, the Department determines there is no need for further investigation of the charge, the Department shall issue a report and the Director shall determine whether there is substantial evidence that the alleged civil rights violation has been committed pursuant to subsection (D) of Section 7A-102. If, after reviewing the EEOC's determination and any evidence obtained by the EEOC, the Department determines there is a need for further investigation of the charge, the Department may conduct any further investigation it deems necessary. After reviewing the EEOC's determination, the evidence obtained by the EEOC, and any additional investigation conducted by the Department, the Department shall issue a report and the Director shall determine whether there is substantial evidence that the alleged civil rights violation has been committed pursuant to subsection (D) of Section 7A-102 of this Act.

(4) Pursuant to this Section, if the EEOC dismisses the charge or a portion of the charge of discrimination because, under federal law, the EEOC lacks jurisdiction over the charge, and if, under this Act, the Department has jurisdiction over the charge of discrimination,

the Department shall investigate the charge or portion of the charge dismissed by the EEOC for lack of jurisdiction pursuant to subsections (A), (A-1), (B), (B-1), (C), (D), (E), (F), (G), (H), (I), (J), and (K) of Section 7A-102 of this Act.

(5) The time limit set out in subsection (G) of this Section is tolled from the date on which the charge is filed with the EEOC to the date on which the EEOC issues its determination.

(B) *Notice and Response to Charge.* The Department shall, within 10 days of the date on which the charge was filed, serve a copy of the charge on the respondent. This period shall not be construed to be jurisdictional. The charging party and the respondent may each file a position statement and other materials with the Department regarding the charge of alleged discrimination within 60 days of receipt of the notice of the charge. The position statements and other materials filed shall remain confidential unless otherwise agreed to by the party providing the information and shall not be served on or made available to the other party during pendency of a charge with the Department. The Department shall require the respondent to file a verified response to the allegations contained in the charge within 60 days of receipt of the notice of the charge. The respondent shall serve a copy of its response on the complainant or his representative. All allegations contained in the charge not timely denied by the respondent shall be deemed admitted, unless the respondent states that it is without sufficient information to form a belief with respect to such allegation. The Department may issue a notice of default directed to any respondent who fails to file a verified response to a charge within 60 days of receipt of the notice of the charge, unless the respondent can demonstrate good cause as to why such notice should not issue. The term "good cause" shall be defined by rule promulgated by the Department. Within 30 days of receipt of the respondent's response, the complainant may file a reply to said response and shall serve a copy of said reply on the respondent or his representative. A party shall have the right to supplement his response or reply at any time that the investigation of the charge is pending. The Department shall, within 10 days of the date on which the charge was filed, and again no later than 335 days thereafter, send by certified or registered mail written notice to the complainant and to the respondent informing the complainant of the complainant's right to either file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court under subparagraph (2) of paragraph (G), including in such

notice the dates within which the complainant may exercise this right. In the notice the Department shall notify the complainant that the charge of civil rights violation will be dismissed with prejudice and with no right to further proceed if a written complaint is not timely filed with the Commission or with the appropriate circuit court by the complainant pursuant to subparagraph (2) of paragraph (G) or by the Department pursuant to subparagraph (1) of paragraph (G).

(B-1) *Mediation.* The complainant and respondent may agree to voluntarily submit the charge to mediation without waiving any rights that are otherwise available to either party pursuant to this Act and without incurring any obligation to accept the result of the mediation process. Nothing occurring in mediation shall be disclosed by the Department or admissible in evidence in any subsequent proceeding unless the complainant and the respondent agree in writing that such disclosure be made.

(C) *Investigation.*

(1) After the respondent has been notified, the Department shall conduct a full investigation of the allegations set forth in the charge.

(2) The Director or his or her designated representatives shall have authority to request any member of the Commission to issue subpoenas to compel the attendance of a witness or the production for examination of any books, records or documents whatsoever.

(3) If any witness whose testimony is required for any investigation resides outside the State, or through illness or any other good cause as determined by the Director is unable to be interviewed by the investigator or appear at a fact finding conference, his or her testimony or deposition may be taken, within or without the State, in the same manner as is provided for in the taking of depositions in civil cases in circuit courts.

(4) Upon reasonable notice to the complainant and the respondent, the Department shall conduct a fact finding conference, unless prior to 365 days after the date on which the charge was filed the Director has determined whether there is substantial evidence that the alleged civil rights violation has been committed, the charge has been dismissed for lack of jurisdiction, or the parties voluntarily and in writing agree to waive the fact finding conference. Any party's failure to attend the conference without good cause shall result in dismissal

or default. The term "good cause" shall be defined by rule promulgated by the Department. A notice of dismissal or default shall be issued by the Director. The notice of default issued by the Director shall notify the respondent that a request for review may be filed in writing with the Commission within 30 days of receipt of notice of default. The notice of dismissal issued by the Director shall give the complainant notice of his or her right to seek review of the dismissal before the Human Rights Commission or commence a civil action in the appropriate circuit court. If the complainant chooses to have the Human Rights Commission review the dismissal order, he or she shall file a request for review with the Commission within 90 days after receipt of the Director's notice. If the complainant chooses to file a request for review with the Commission, he or she may not later commence a civil action in a circuit court. If the complainant chooses to commence a civil action in a circuit court, he or she must do so within 90 days after receipt of the Director's notice.

(D) *Report.*

(1) Each charge shall be the subject of a report to the Director. The report shall be a confidential document subject to review by the Director, authorized Department employees, the parties, and, where indicated by this Act, members of the Commission or their designated hearing officers.

(2) Upon review of the report, the Director shall determine whether there is substantial evidence that the alleged civil rights violation has been committed. The determination of substantial evidence is limited to determining the need for further consideration of the charge pursuant to this Act and includes, but is not limited to, findings of fact and conclusions, as well as the reasons for the determinations on all material issues. Substantial evidence is evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance.

(3) If the Director determines that there is no substantial evidence, the charge shall be dismissed by order of the Director and the Director shall give the complainant notice of his or her right to seek review of the dismissal order before the Commission or commence a civil action in the appropriate circuit court. If the complainant chooses to have the Human Rights Commission review the dismissal order, he or she shall file a request for review with the Commission

within 90 days after receipt of the Director's notice. If the complainant chooses to file a request for review with the Commission, he or she may not later commence a civil action in a circuit court. If the complainant chooses to commence a civil action in a circuit court, he or she must do so within 90 days after receipt of the Director's notice.

(4) If the Director determines that there is substantial evidence, he or she shall notify the complainant and respondent of that determination. The Director shall also notify the parties that the complainant has the right to either commence a civil action in the appropriate circuit court or request that the Department of Human Rights file a complaint with the Human Rights Commission on his or her behalf. Any such complaint shall be filed within 90 days after receipt of the Director's notice. If the complainant chooses to have the Department file a complaint with the Human Rights Commission on his or her behalf, the complainant must, within 30 days after receipt of the Director's notice, request in writing that the Department file the complaint. If the complainant timely requests that the Department file the complaint, the Department shall file the complaint on his or her behalf. If the complainant fails to timely request that the Department file the complaint, the complainant may file his or her complaint with the Commission or commence a civil action in the appropriate circuit court. If the complainant files a complaint with the Human Rights Commission, the complainant shall give notice to the Department of the filing of the complaint with the Human Rights Commission.

(E) *Conciliation.*

(1) When there is a finding of substantial evidence, the Department may designate a Department employee who is an attorney licensed to practice in Illinois to endeavor to eliminate the effect of the alleged civil rights violation and to prevent its repetition by means of conference and conciliation.

(2) When the Department determines that a formal conciliation conference is necessary, the complainant and respondent shall be notified of the time and place of the conference by registered or certified mail at least 10 days prior thereto and either or both parties shall appear at the conference in person or by attorney.

(3) The place fixed for the conference shall be within 35 miles of the place where the civil rights violation is alleged to have been committed.

(4) Nothing occurring at the conference shall be disclosed by the Department unless the complainant and respondent agree in writing that such disclosure be made.

(5) The Department's efforts to conciliate the matter shall not stay or extend the time for filing the complaint with the Commission or the circuit court.

(F) *Complaint.*

(1) When the complainant requests that the Department file a complaint with the Commission on his or her behalf, the Department shall prepare a written complaint, under oath or affirmation, stating the nature of the civil rights violation substantially as alleged in the charge previously filed and the relief sought on behalf of the aggrieved party. The Department shall file the complaint with the Commission.

(2) If the complainant chooses to commence a civil action in a circuit court, he or she must do so in the circuit court in the county wherein the civil rights violation was allegedly committed. The form of the complaint in any such civil action shall be in accordance with the Illinois Code of Civil Procedure.

(G) *Time Limit.*

(1) When a charge of a civil rights violation has been properly filed, the Department, within 365 days thereof or within any extension of that period agreed to in writing by all parties, shall issue its report as required by subparagraph (D). Any such report shall be duly served upon both the complainant and the respondent.

(2) If the Department has not issued its report within 365 days after the charge is filed, or any such longer period agreed to in writing by all the parties, the complainant shall have 90 days to either file his or her own complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court. If the complainant files a complaint with the Commission, the form of the complaint shall be in accordance with the provisions of paragraph (F)(1). If the complainant commences a civil action in a circuit court, the form of the complaint shall be in accordance with the Illinois Code of Civil Procedure. The aggrieved party shall notify the Department that a complaint has been filed and shall serve a copy of the complaint on

the Department on the same date that the complaint is filed with the Commission or in circuit court. If the complainant files a complaint with the Commission, he or she may not later commence a civil action in circuit court.

(3) If an aggrieved party files a complaint with the Human Rights Commission or commences a civil action in circuit court pursuant to paragraph (2) of this subsection, or if the time period for filing a complaint has expired, the Department shall immediately cease its investigation and dismiss the charge of civil rights violation. Any final order entered by the Commission under this Section is appealable in accordance with paragraph (B)(1) of Section 8-111. Failure to immediately cease an investigation and dismiss the charge of civil rights violation as provided in this paragraph (3) constitutes grounds for entry of an order by the circuit court permanently enjoining the investigation. The Department may also be liable for any costs and other damages incurred by the respondent as a result of the action of the Department.

(4) The Department shall stay any administrative proceedings under this Section after the filing of a civil action by or on behalf of the aggrieved party under any federal or State law seeking relief with respect to the alleged civil rights violation.

(H) This amendatory Act of 1995 applies to causes of action filed on or after January 1, 1996.

(I) This amendatory Act of 1996 applies to causes of action filed on or after January 1, 1996.

(J) The changes made to this Section by Public Act 95-243 apply to charges filed on or after the effective date of those changes.

(K) The changes made to this Section by this amendatory Act of the 96th General Assembly apply to charges filed on or after the effective date of those changes.

775 ILCS 5/7A-102.

The problem with plaintiff's argument is that while subsection (A-1)(5) may toll the time limit set out in subsection (G) until the EEOC issues its

determination, plaintiff's entire argument is prefaced on if subsection (A-1) applies. A reading of the entire statute reveals that the section plaintiff relies on applies "[i]f the EEOC is the governmental agency designated to investigate the charge first . . . ." Id. at (A-1)(1). That is not what happened here. Here, the Department conducted its investigation pursuant to subsection (C) and issued its report pursuant to subsection (D). That report concluded that there was no substantial evidence that the alleged civil rights violation had been committed and notified plaintiff that he file for review with the Illinois Human Rights Commission by December 21, 2010, or plaintiff could commence a civil action in the appropriate circuit court within ninety days after receipt of the notice. This notice was clearly given to plaintiff and plaintiff failed to act within that time frame. Thus, just as in *Brandenburg*, plaintiff's failure to timely file his IHRA claims within the ninety days is fatal to his claim. See *Robinson v. Human Rights Comm'n*, 559 N.E.2d 229, 233 (Ill. App. Ct. 1990) (finding the IHRA's 180 day filing period to be a jurisdictional time limit for filing a charge). Moreover, despite plaintiff's arguments, the Court does not believe this is a situation where tolling should be applied. See *Davis v. Human Rights Comm'n*, 676 N.E.2d 315, 324 (Ill. App. Ct. 1997) (holding that the Commission's determination that the complaint was untimely was correct and that equitable principles should not toll the statutory 30-day window period provided for in subsection (G)(2)); *Robinson*, 559 N.E.2d at 233 ("We strongly question the applicability of the equitable principle of tolling to any jurisdictional time limitation even under circumstances

where any agency has arguably contributed to a late filing."); *Larrance v. Human Rights Comm'n*, 519 N.E.2d 1203, 1209 (Ill. App Ct. 1988) ("Equitable tolling is a concept which should be applied to prevent injustice when the agency has knowingly misled a complainant or in some manner acted unfairly."). No injustice has occurred here. Plaintiff was given ample time to pursue his IHRA claim but failed to do so. This prohibits plaintiff from pursuing that state law claim in Illinois circuit court or federal court.

### IV. Conclusion

For the reasons stated above, the Court grants Penn Aluminum's motion to dismiss count IV (Doc. 35).

**IT IS SO ORDERED.**

**Signed this 31st day of July, 2012.**

Digitally signed by David R. Herndon
Date: 2012.07.31 13:25:25 -05'00'

Chief Judge
United States District Court