IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEVIA MOULTRIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-500-DRH-DGW |
| ) | |
| PENN ALUMINUM INTERNATIONAL, LLC ) | |
| and INTERNATIONAL BROTHERHOOD OF ) | |
| ELECTRICAL WORKERS LOCAL 702, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DISCOVERY DISPUTES**

**WILKERSON, Magistrate Judge:**

On July 17, 2012, the Court held an in-person discovery dispute conference. The Court requested briefs from Plaintiff Moultrie and Defendant Penn Aluminum International LLC on four outstanding discovery disputes. Plaintiff submits a Brief in Support of Motion to Compel Production of Documents (Doc. 118). Penn Aluminum filed a Brief in Opposition to Plaintiff's Motion to Compel (Doc. 117).

**BACKGROUND**

On June 11, 2011, Plaintiff filed a complaint against Defendant Penn Aluminum International, LLC (Doc. 2). Plaintiff's complaint states in pertinent part:

> This action arises out of unlawful employment practices on the basis of race and retaliation brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq,* 42 U.S.C. §1981, the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq*., as well as other applicable civil rights and anti-discrimination laws and violation of state and federal common law. Plaintiff, an employee of Penn Aluminum, alleges that his employer unlawfully discriminated against the Plaintiff based on race, and that Penn Aluminum failed and/or refused to take action to correct the racial harassment, discrimination and hostile work environment and retaliated against Plaintiff for exercising his civil rights and complaining of and/or reporting discrimination.

On October 26, 2011, Plaintiff filed an amended complaint adding as defendants, The Marmon Group, LLC, and International Brotherhood of Electrical Workers Local 702. On July 30, 2012, Plaintiff voluntarily dismissed its claims against the Marmon Group. On July 31, 2012, Chief Judge Herndon entered an order dismissing Count Four of Plaintiff's amended complaint.

### DISCUSSION

Before the Court are disputes regarding four discovery requests propounded by Plaintiff to Defendant Penn Aluminum.

> Request No. 2: Produce true and accurate copies of all documents related to the change in structure of Penn Aluminum International, Inc. to Penn Aluminum International, LLC, including documentation of corporate assets before and after the change, the status of the collective bargaining agreement before and after the change, ownership of stock in the corporation, membership in the LLC, compensation to shareholders of the corporation for any sale of corporate assets upon conversion, composition of the board of directors of the corporation and management of the LLC as those items relate to financial condition of each entity.
>
> Response: Penn Aluminum objects to #2 as it is vague and ambiguous, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Responding further, Penn Aluminum disagrees that the "financial condition of each entity" is relevant to Plaintiff's wrongful demotion claim.

The resolution of this dispute requires the Court to make a finding on the scope of discovery. A trial court has "broad discretion over discovery matters," *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004), and may control the "pace and scope of discovery" as part of its case management, *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 944 (7th Cir. 1995). "Because pretrial discovery is time-consuming and expensive, and protracts and complicates litigation, judges are to be commended rather than criticized for keeping tight reins on it." *Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997).

The Court finds Penn Aluminum's objection to be well taken. Plaintiff's request for information related to financial and corporate governance information after a name change from Penn Aluminum International, Inc. to Penn Aluminum International, LLC. is irrelevant. Further, Penn Aluminum previously responded to Plaintiff as follows:

> At the end of 2010, Penn Aluminum Inc. (Inc.) consummated an entity conversion under Delaware law pursuant to which Penn Aluminum Inc. converted into Penn Aluminum LLC (LLC). The parent company of Inc. remained the parent company of LLC. All the assets and liabilities of Inc. remained the assets and liabilities of LLC. The employees of Inc. remained the employees of LLC and were completed (sp.) unaffected by the conversion other than the fact that they (sp.) paychecks now say LLC. To the world at large, and for all intent and purposes under the law, it is the equivalent of a name change and has no impact on the obligations of the company or the inner-workings of the company itself (Defendant's Answer to Plaintiff's First Interrogatory No. 24).

Moreover, Penn Aluminum has previously produced to Plaintiff, in response to an order of this Court by Judge Frazier a statement of finances to demonstrate that it could pay in the event of a judgment against it. Given Penn Aluminum's statement that any change between Inc. and LLC was a change in name only and the court's previous order, the Court finds that Request No. 2 is unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Additionally, the Court does not consider that this finding narrows the scope of discovery. While discovery should be reasonably calculated to lead to the discovery of admissible evidence, it has to be relevant to a party's claim or defense. The claims in this case are for unlawful employment practices on the basis of race. The Court will use its inherent powers to prevent discovery from becoming unmanageable. *Penn Aluminum is not required to respond further to Plaintiff Request No. 2.*

*****

>Request No. 4: Provide each Audit Committee Report related to any waivers of provisions of the code of Business Conduct and Ethics, in the version in place in February, 2009.
>
>Response: Penn Aluminum objects as to #4 as the term "Audit Committee Report" is vague and ambiguous, and because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff argues that the audit committee report is referenced in the Marmon Business Code of Ethics. Defendant argues that a waiver of a provision of the Code of Conduct and Ethics has nothing to do with Plaintiff's unlawful employment practice claims. Further, Defendant states it has no such documents in its possession or control. ***Because Penn Aluminum already responded with a statement that it does not have responsive documents, Request No. 4 is moot.***

*****

>Request No. 7: Produce a true and accurate copy of each "Marmon Policy" as it existed in February, 2009.
>
>Response: Penn Aluminum objects to #4 as it is vague and ambiguous, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Responding further, see documents Bates labeled D5985 to D5988, which are responses to #7.

Plaintiff argues that documents previously produced by Penn Aluminum reveal that there are at least 15 "Marmon" policies that are distributed to Penn Aluminum employees. Plaintiff argues that this request is aimed at production of these policies. Penn Aluminum responds that this request is vague and potentially unduly burdensome. It further responds that to extent that there was a "Marmon Policy" that applied to Plaintiff it would be contained in his personnel file, the entire file having already been produced to defendant.

The Court is at a loss to discover a dispute here. Defendant represents that it has already produced responsive documents. There is no dispute. ***The Court finds this issue moot.***

*****

There is some confusion as to whether Request No. 21 is in dispute. Plaintiff did not mention it in his brief, but Defendant responded that it had answered twenty one by stating it "does not have any documents responsive to ¶ 21 in its possession or control." *To the extent that Request 21 was in dispute, the Court finds that issue moot.*

**IT IS SO ORDERED.**

**DATED: August 8, 2012**

*/s/ Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**