IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**LEVIA MOULTRIE,**

      **Plaintiff,**

**v.**

**PENN ALUMINUM INTERNATIONAL, LLC,**

      **Defendant.**                                **No. 11-cv-500-DRH**

## ORDER

**HERNDON, Chief Judge:**

      Before the Court is plaintiff Levia Moultrie's motion to reconsider (Doc. 109) pursuant to Federal Rule of Civil Procedure 46 and objection to magistrate decision on nondispositive motion (Doc. 114) pursuant to Local Rule 73 of the Local Rules of the United States District Court for the Southern District of Illinois. Plaintiff is requesting that the Court reconsider its denial of the motion to modify the scheduling order regarding the deadline for the disclosure of expert witnesses.

      On June 7, 2012, plaintiff filed a motion to modify scheduling order (Doc. 105). Specifically, plaintiff requested that the scheduling order be modified so that

plaintiff's expert could complete his report. Accordingly, plaintiff asked for a deadline extension from July 2, 2012, to and including September 2, 2012, in addition to the deadline for deposition of the expert from August 18, 2012, to and including October 2, 2012. On June 25, 2012, Magistrate Judge Frazier found that the motion was supported by good cause but found that the length of the requested extension was a concern due to the potential for inference with other tasks and deadlines. Accordingly, Judge Frazier granted the motion in part, extending the deadline for the disclosure of experts along with a written report until August 10, 2012, and the deadline for depositions of experts until September 7, 2012. Judge Frazier noted that further modifications will not be approved absent extraordinary circumstances.

On June 27, 2012, plaintiff filed her motion to reconsider (Doc. 109), citing extraordinary circumstances surrounding the compliance with issues involved in document production and the fact that expert was a college professor who had limited available after August 1, 2012. Accordingly, plaintiff requested that the Court reconsider its denial of the motion to modify the scheduling order and enter an order modifying the deadline for the expert's disclosure and report until October 31, 2012. On July 10, 2012, plaintiff filed her objection to magistrate judge decision on nondispositive motion (Doc. 114), objecting to the magistrate judge's decision acceptance of the facts alleged in the defendant Union's response in light of the discovery issues that were brought to his attention during efforts in May to compel discovery and in light of his decisions with regard to resolution of those issues.

The Court may modify or reverse a decision of a magistrate judge on a nondispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to law." FED. R. CIV. P. 71.1(a); SDIL-LR 73.1(a). A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); see also *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). "When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574 (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949)).

Here, the magistrate judge's decision was not clearly or erronous or contrary to law and the motion to reconsider (Doc. 109) and objection to magistrate judge decision on nondispositive motion (Doc. 114) are denied. The magistrate judge gave plaintiff ample time to comply with the deadlines for the disclosure of expert witnesses and granted plaintiff's motion for an extension in part. Plaintiff's complaints about the disclosure of discovery involve a party who is no longer a party in this case, and in any event, plaintiff has failed to show how the magistrate judge's decision was clearly erroneous or contrary to law. Indeed, in plaintiff's motion to reconsider, plaintiff asked for an extension of time, until October 31, 2012, that was

not even presented to the magistrate. Thus, the motions are denied (Docs. 109 & 114).

**IT IS SO ORDERED.**

**Signed this 30th day of November, 2012.**

David R. Herndon
2012.11.30
14:58:58 -06'00'

**Chief Judge**
**United States District Court**