## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LEVIA MOULTRIE,**

        **Plaintiff,**

**v.**

**PENN ALUMINUM INTERNATIONAL, LLC,**

        **Defendant.**                          **No. 11-cv-500-DRH**

## <u>ORDER</u>

**HERNDON, Chief Judge:**

Before the Court is plaintiff Levia Moultrie's motion to certify order in multiple claim case and alternative motion to certify order due to controlling question of law (Doc. 132). Specifically, plaintiff ask the Court amend this Court's order of dismissal of Count IV of plaintiff's first amended complaint to either include Federal Rule of Civil Procedure 54(b)'s "no just reason for delay" language or 28 U.S.C. § 1292's "controlling question of law" language. For the reasons that follow, plaintiff's motion to certify (Doc. 132) is denied.

### I. Federal Rule of Civil Procedure 54(b)

Rule 54(b) permits a district court, in a case involving multiple claims or parties, to "direct entry of a final judgment as to one or more, but fewer than all, [of the] claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). Whether to enter final judgment under Rule 54(b) is left within the sound discretion of the district court. See *U.S. v. Ettrick Woods Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990); *Curtiss-Wright Corp. v.*

*Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 1465 (1980).  Rule 54(b) should not, however, be used to accommodate a lawyer who wants to appeal, but rather should be carefully considered as the rule departs from the normal course of litigation. *Ettrick Woods Prods., Inc.*, 916 F.2d at 1218.  The Court must determine if an immediate appeal is appropriate.  *Id.*  In deciding whether entering a final judgment under Rule 54(b) is appropriate, the claim at issue must be separate from the remaining claims in the litigation, "separate not in the sense of arising under a different statute or legal doctrine . . . but in the sense of involving different facts." *Ty, Inc. v. Publ'ns Intern. Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002) (collecting cases);  see also *Layers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997) (stating that the test for determining whether a claim is separate from remaining claims is whether the claim at issue is so overlapped with the remaining claims that if the remaining claims go on appeal at the end of matter, the appellate court would be reviewing the same material as with the claim at issue).

Plaintiff contends that Rule 54(b) allows appeal of the claim in this case as, although proof of the violation will be shown on the same facts as other claims, it is sufficiently independent of unadjudicated matters and the issues at stake on this legal question do not hinder proof of the other claims such that issues will be visited twice on appeal.  The Court disagrees.

As plaintiff readily admits, the facts underlying the retained and dismissed claims are "basically identical."  See *Jack Walters & Sons Corp. v. Morton Bldg. Inc.*, 737 F.2d 698, 702 (7th Cir. 1984) ("[I]f there is a great deal of factual overlap between

the decided and the retained claims they are not separate, and appeal must be deferred till the latter are resolved."). Thus, the Court finds that an appeal in this case is not appropriate, but is actually best left until the end of the case when a determination as to whether an appeal is necessary can be adequately decided by the parties. *See Ettrick Wood Prods., Inc.*, 916 F.2d at 1218 (stating that the normal course of litigation allows for an appeal at the end of the case and process should not disrupted unless the district court determines that an immediate appeal is appropriate). Simply because plaintiff desires to appeal in hopes of being able to seek additional damages under the same facts is not enough to depart from the norm and would result in a duplication of the efforts required for each appeal. Accordingly, the motion to certify order under Rule 54(b) is denied.

## II.  28 U.S.C. § 1292(b)

Pursuant to 28 U.S.C. § 1292(b):

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

Certificates of appealability, as a general matter, are "disfavored" because they "frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system. For these reasons, the

preferred practice is to defer appellate review until the entry of a final judgment . . .
." *Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473-74 (1978)) (citation omitted).  There are four statutory criteria that should guide a district court's decision regarding whether to grant a motion for an interlocutory appeal: "there must be a question of *law*, it must be *controlling*, it must be *contestable,* and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000)).

Plaintiff argues that certification under § 1292(b) is proper as prompt disposition of this controlling question of law will aid in complete resolution of the matter and protect plaintiff's rights.   Specifically, plaintiff contends that the controlling question of law is whether the Illinois Human Rights Act ("IHRA") allows the tolling of the 90 day time limit for perfecting a state law claim while the EEOC investigation is completed.  The Court finds, however, that plaintiff's claim fails as plaintiff's proposed question of law is not "controlling."

Here, plaintiff's proposed question of law is not controlling because its resolution is not likely to affect the further course of the litigaiton.  See *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996) ("A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so.").  Even if plaintiff was granted an appeal and succeeded, nothing about this case is going to change.  The same facts are at issue in this case with or without the IHRA claim, the

only difference is the type of damages plaintiff may seek.  Accordingly, because "the criteria, are conjunctive and not disjunctive," the Court having found that the first criteria is not met, the Court need not consider the other factors.  *Ahrenholz*, 219 F.3d at 676.  Therefore, the Court denies the motion to certify based upon 28 U.S.C. § 1292(b).

### III.  Conclusion

For the reasons stated above, plaintiff's motion to certify order is denied.

**IT IS SO ORDERED.**

**Signed this 30th day of November, 2012.**

David R.
Herndon
2012.11.30
14:54:00 -06'00'

**Chief Judge**
**United States District Court**