IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LEVIA MOULTRIE,**

       **Plaintiff,**

**v.**

**PENN ALUMINUM INTERNATIONAL, LLC,**

       **Defendant.**                                       **No. 11-cv-500-DRH**

**ORDER**

**HERNDON, Chief Judge:**

Before the Court is plaintiff Levia Moultrie's objections to report and recommendations or more properly titled as objections to the magistrate judge's order (Doc. 159) pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636. Plaintiff raises nine "objections" to Magistrate Judge Wilkerson's two page order of August 28, 2012, denying plaintiffs' motion to modify the scheduling order (Doc. 122). For the reasons that follow, plaintiff's objections are denied.

**I. Background**

On June 7, 2012, plaintiff filed a motion to modify scheduling order (Doc. 105). Specifically, plaintiff requested that the scheduling order be modified so that plaintiff's expert could complete his report. Accordingly, plaintiff asked for a deadline extension from July 2, 2012, to and including September 2, 2012, in addition to the deadline for deposition of the expert from August 18, 2012, to and including October 2, 2012. On June 25, 2012, Magistrate Judge Frazier found that

the motion was supported by good cause but found that the length of the requested extension was a concern due to the potential for interference with other tasks and deadlines. Accordingly, Judge Frazier granted the motion in part, extending the deadline for the disclosure of experts along with a written report until August 10, 2012, and the deadline for depositions of experts until September 7, 2012. Judge Frazier noted that further modifications will not be approved absent extraordinary circumstances. (See Doc. 108).

On June 27, 2012, plaintiff filed a motion to reconsider (Doc. 109) Judge Frazier's order of June 25, 2012, citing extraordinary circumstances surrounding the compliance with issues involved in document production and the fact that plaintiff's expert was a college professor who had limited available after August 1, 2012. Accordingly, plaintiff requested that the Court reconsider its denial of the motion to modify the scheduling order and enter an order modifying the deadline for the expert's disclosure and report until October 31, 2012.

On July 2, 2012, Judge Frazier entered an order of recusal (Doc. 112), noting that plaintiff's counsel had consistently complained that every adverse ruling in this matter has been driven by some improper motive. Further, Judge Frazier related that plaintiff's counsel had accused one of his law clerks of impeding her attempts to file a motion. Judge Frazier indicated that these accusations had threatened his effectiveness to continue as a judge in the case and therefore he recused himself from the case. As a result, Magistrate Judge Wilkerson was assigned to the case.

On July 10, 2012, plaintiff filed an objection to magistrate judge decision on

nondispositive motion (Doc. 114), objecting to the magistrate judge's acceptance of the facts alleged in the defendant Union's response in light of the discovery issues that were brought to his attention during efforts in May to compel discovery and in light of his decisions with regard to resolution of those issues.

On July 23, 2012, plaintiff filed a subsequent motion to modify scheduling order (Doc. 122) along with a memorandum in support thereof (Doc. 123). In that motion, plaintiff again requested that the Court modify the scheduling order, asking that the Court extend the expert report and depositions deadlines. Plaintiff acknowledged that plaintiff's counsel erred in failing to enter a deadline for a deposition but also alleged that defendant Penn Aluminum had failed to appear at a properly noticed deposition and apparently refused to attend other properly noticed depositions. Penn Aluminum denied these allegations (Doc. 134).

On August 28, 2012, Magistrate Judge Wilkerson entered an order (Doc. 151) denying plaintiff's motion to modify scheduling order (Doc. 122). Magistrate Judge Wilkerson set forth the standard provided by Federal Rule of Civil Procedure 16(b)(4) that "[a] schedule may be modified only for good cause and with the judge's consent." He also noted that the Court had previously modified the experts disclosure deadline and when it did so stated that "[f]urther modifications will not be approved absent extraordinary circumstances." Judge Wilkerson concluded that it appeared from the record that no one party was at fault for failure to schedule the depositions but concluded that the Court was not persuaded that extraordinary circumstances existed as to require a modification of the deadline previously put in place. Additionally, the

Court concluded that it could not extend the deadlines based upon the Court's discovery cutoff date under the local rules.

On September 11, 2012, plaintiff filed objections to report and recommendations. (Doc. 159). Plaintiff raises nine "objections": 1) "Plaintiff objects to Magistrate Judge Wilkerson's conclusion that the scheduling order deadlines had previously been extended twice to the extent it was based upon misleading representations of counsel that all requests for modification were made by Plaintiff."; 2) "Plaintiff objects to the Court's application of an 'extraordinary circumstances' standard rather than the 'good cause' standard set forth in Rule 16(b)(4)."; 3) "Plaintiff objects to the Court's consideration of misleading information provided by Defendants without reviewing the entire record and to consideration of information not included in the record, if any, in making factual determinations regarding whether the standard for modification was met."; 4) "Plaintiff objects to the Court's conclusion that the reason for the requested modification was the error in calendaring the deadline, a reason Plaintiff disclaimed."; 5) "Plaintiff objects to the failure of the Court to consider Plaintiff's clear evidence of discovery abuse and further objects to the Court's premature conclusion regarding that issue."; 6) "Plaintiff's [sic] objects to the Court's conclusion that the main argument is with the scheduling of depositions, ignoring Plaintiff's assertions of outstanding discovery requests, apparently on belief of Defendant Penn Aluminum's complaints concerning the 7000 documents it has produced (many of which are duplicates and nonresponsive) and Union's false representation to the Court that it has provided all

relevant documents."; 7) "Plaintiff objects to any finding of this Court contrary to the truth of Plaintiff's assertions."; 8) "Plaintiff objects to the calculation of the discovery cutoff date as September 7, 2012.  The date set by previous Magistrate was September 8, which was a Saturday.  The 115th day prior to the first business day before the presumptive trial date was September 9, a Sunday."; and 9) "Plaintiff objects to the Court's Order insofar as it causes Plaintiff's Motion to Extend Duration of Depositions to be moot and incorporates the Motion, D. 127 and Memorandum, D. 128, herein by reference."

## II.  Analysis

The Court may modify or reverse a decision of a magistrate judge on a nondispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to law."  FED. R. CIV. P. 71.1(a); SDIL-LR 73.1(a).  A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); see also *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").  "When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574 (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949)).

Here, plaintiff has failed to show how the magistrate judge's decision was "clearly erroneous or contrary to law." FED. R. CIV. P. 71(a). Many of plaintiff's nine objections are completely baseless. For example, plaintiff asserts that Judge Wilkerson concluded that all of the scheduling order modification requests were made by plaintiff, that the reason for the requested modification was the error in calendaring the deadlines, and that the Court concluded that plaintiff's main argument was with the scheduling of depositions, ignoring plaintiff's assertions of outstanding discovery requests, but there is nothing to support these assertions, and even if they were true, plaintiff fails to show how Judge Wilkerson's decision not to modify the expert deadlines was clearly erroneous or contrary to law.

Furthermore, Judge Wilkerson set forth the "good cause" standard in his order but also referenced the fact that the previous magistrate judge had indicated that further medications would not be approved absent "extraordinary circumstances." It was not error for Judge Wilkerson to reference the previous magisrate's warning to the parties and then note that the standard had not been met. Good cause had not been shown in this case, and the Court modifies Judge Wilkerson's order to reflect that finding.

Plaintiff also refers to the Court considering "misleading information" but plaintiff does not specify what information was misleading. Additionally, plaintiff alleges that the Court failed to consider plaintiff's clear of evidence of discovery abuse, but here again, there is nothing to support this allegation. Plaintiff even objects "to any finding of this Court contrary to the truth of Plaintiff's assertions," but

the Court cannot discern from this what plaintiff is referring to. Moreover, plaintiff's objection to the calculation of the discovery cutoff date and to the Court's order insofar as it causes plaintiff's motion to extend duration of depositions to be moot are also clearly without merit. Judge Wilkerson's reference to September 7, 2012, was the date that Judge Frazier extended the deposition of experts deadline until (Doc. 108) and Judge Wilkerson's order did not moot out plaintiff's motion to extend the duration of depositions (Doc. 127) as that order was later ruled upon by Judge Wilkerson (Doc. 178). Thus, plaintiff has failed to show any clear error or how Judge Wilkerson's decision was contrary to law and the objections are denied.

### III. Conclusion

For the reasons stated above, plaintiff's objections (Doc. 159) are denied.

**IT IS SO ORDERED.**

**Signed this 4th day of December, 2012.**

David R. Herndon
2012.12.04
16:04:48 -06'00'

**Chief Judge**
**United States District Court**