IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LEVIA MOULTRIE,**

      **Plaintiff,**

**v.**

**PENN ALUMINUM INTERNATIONAL, LLC,**

      **Defendant.**                             **No. 11-cv-500-DRH**

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

Before the Court is plaintiff Levia Moultrie's objections to report and recommendations or more properly titled as objections to the magistrate judge's order (Doc. 184) pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636. Plaintiff raises several objections with regard to Magistrate Judge Wilkerson's denial (Doc. 178) of plaintiff's motion to strike affirmative defenses (Doc. 148) and plaintiff's motion for leave to file a second amended complaint (Doc. 91). For the reasons that follow, plaintiff's objections are denied.

**I. Background**

On October 26, 2011, the Court entered its scheduling and discovery order (Doc. 30), setting a January 18, 2012, deadline to amend the pleadings. Plaintiff filed his first amended complaint against Penn Aluminum International LLC ("Penn Aluminum"), The Marmon Group, LLC (the "Marmon Group"), and the International Brotherhood of Electrical Workers, AFL-CIO, Local 702 (the "Union") (Doc. 31) that

same day.  On November 9, 2011, Penn Aluminum filed its answer to the first amended complaint (Doc. 37).  On January 11, 2012, Penn Aluminum filed a motion for leave to file a supplement to its affirmative defenses (Doc. 60), seeking leave to add three affirmative defenses it discovered should have been raised.  Penn Aluminum noted that the affirmative defenses it sought to add were identical to the issues raised by the Marmon Group in its motion to dismiss.  Plaintiff did not file a response to Penn Aluminum's motion for leave to file a supplement to its affirmative defenses (Doc. 60).

On February 2, 2012, Judge Frazier entered an order granting defendant's motion for leave to supplement affirmative defenses (Doc. 79).  The text entry order stated as follows:

> Considering the large quantity of filing in this case, the Court prefers that Penn Aluminum files one responsive pleading after its motion to dismiss (Doc. No. 35) is resolved.  See Fed. R. Civ. P. 12(a)(4).  New material should be underlined. SDIL-LR 15.1[.] Piecemeal pleadings are not encouraged.  Upon a showing of good cause, the Scheduling and Discovery Order (Doc. No. 30) is MODIFIED as follows.  The deadline for joining other parties and/or amending the pleadings is EXTENDED to 3/15/2012.

(Doc. 79). On February 13, 2012, the Court extended all deadlines set forth in the scheduling and discovery order (Doc. 30) for three months (Doc. 85).

On April 30, 2012, plaintiff filed a motion for leave to file second amended complaint (Doc. 91), alleging that "[s]ince the filing of the [f]irst [a]mended [c]omplaint, information has been disclosed in discovery and in other disclosures that identify additional necessary parties."  Specifically, plaintiff sought to add

Marmon Industrial Companies, Inc., Penn Aluminum's wholly-owned owner, and Marmon Holdings, Inc., the Marmon Group's full owner.  On May 15, 2012, Penn Aluminum and the Marmon Group filed responses in opposition to plaintiff's motion for leave to file a second amended complaint (Docs. 97 & 98) on the basis of undue delay, prejudice, and futility.  On May 31, 2012, Judge Frazier entered an order (Doc. 104) deferring ruling on plaintiff's motion for leave to file a second amended complaint until defendant the Marmon Group's motion dismiss (Doc. 53) was ruled upon.

On July 30, 2012, plaintiff filed a notice of voluntary dismissal with regard to the Marmon Group (Doc. 125).  On July 31, 2012, the Court entered an order (Doc. 126)  granting Penn Aluminum's motion to dismiss count IV (Doc. 35).  On August 1, 2012, the Court acknowledged the dismissal of the Marmon Group (Doc. 128) and denied as moot the Marmon Group's motion to dismiss (Doc. 53).  On August 8, 2012, Penn Aluminum filed its amended affirmative defenses to plaintiff's first amended complaint (Doc. 140).  On August 22, 2012, plaintiff filed a motion to strike amended affirmative defenses (Doc. 148), arguing that the affirmative defenses were waived pursuant to Rule 8(c) as they were not included in the answer.  On September 5, 2012, Penn Aluminum filed its response in opposition to plaintiff's motion to strike its amended affirmative defenses (Doc. 155).

On September 24, 2012, Penn Aluminum filed its motion for summary judgment (Doc. 168).  That motion has now been fully briefed and is ripe for review.  On October 3, 2012, Judge Wilkerson denied plaintiff's motion for leave to file second

amended complaint (Doc. 91), stating that "[a]dding additional parties so close to the trial date would be futile." (Doc. 178). Judge Wilkerson also denied plaintiff's motion to strike defendant's amended affirmative defenses (Doc. 148) in the same text order. (Doc. 178).

On October 17, 2012, plaintiff filed his objection to report and recommendations (Doc. 184). As it pertains to the denial of the plaintiff's motion to strike affirmative defenses (Doc. 148), plaintiff "objects to the Magistrate's failure to recognize that waiver has occurred as a matter of law and to rule on the exceptions to waiver, which has not taken place as of yet in these proceedings and has never been raised by Defendants"; "Plaintiff objects to the Magistrates conclusion that the Supplemental Affirmative Defenses, filed on August 8, 2012, relate back to the date of the original filling on August 18, 2011."; "Plaintiff objects to the Magistrate's decision to any extent to which the Court considered Defendant's argument that there was a hearing after the filing of the Motion for Leave to Supplement."; and "Plaintiff objects to any consideration of failure to object to the Motion for Leave set forth at D. 60." With regard to the denial of plaintiff's motion for leave to file second amended complaint, plaintiff asserts that "[t]he cut-off date for filing amended complaints and joined of parties was June 15, 2012[,]" and "[d]enial of the motion was contrary to the law of the case." On November 8, 2012, plaintiff filed a notice of voluntary dismissal with regard to the Union (Doc. 189). The next day the Court entered an order acknowledging the dismissal (Doc. 190).

## II. Analysis

The Court may modify or reverse a decision of a magistrate judge on a nondispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to law." FED. R. CIV. P. 71.1(a); SDIL-LR 73.1(a).  A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); see also *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").  "When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574 (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949)).

Federal Rule of Civil Procedure 15 states that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15.  "[District] courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or whether the amendment would be futile." *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011) (quoting *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)).  "'[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Brunt v. Serv. Emps. Int'l*

*Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

Here, plaintiff has failed to show how the magistrate judge's decision was "clearly erroneous or contrary to law." FED. R. CIV. P. 71(a). First, with regard to plaintiff's objections to the magistrate's decision to deny plaintiff's motion to strike affirmative defenses, the Court finds that plaintiff's objection to this issue is untimely. Penn Aluminum filed its motion for leave to file a supplement to its affirmative defenses (Doc. 60) on January 11, 2012. Magistrate Judge Frazier granted that motion (Doc. 79) on February 2, 2012, but instructed Penn Aluminum to hold off filing its affirmative defenses until its motion to dismiss was resolved. The motion to dismiss was resolved on July 31, 2012 (Doc. 126), and Penn Aluminum filed its affirmative defenses on August 8, 2012 (Doc. 140). Should plaintiff have wished to object to Penn Aluminum adding additional affirmative defenses, plaintiff should have filed objections to Judge Frazier's order granting Penn Aluminum's motion within fourteen days after being served with a copy of the order on February 2, 2012 (Doc. 79). Furthermore, the Court finds that Penn Aluminum did not waive these affirmative defenses and plaintiff is not prejudiced by them being raised now as plaintiff has been on notice of them.

Next, the Court finds that Judge Wilkerson's decision to deny plaintiff's motion for leave to file a second amended complaint was also not clearly erroneous or contrary to law. Judge Wilkerson found that "[a]dding additional parties so close to the trial date would be futile." The Court agrees. Plaintiff has failed to explain how either party it sought to add was a necessary party. Allowing plaintiff to add those

parties now after discovery has closed and Penn Aluminum's motion for summary judgment has been fully briefed would prejudice Penn Aluminum and further delay this case.

The Court also notes that the parties dispute the amended pleadings deadlines, defendant contending it was April 18, 2012, three months after the original deadline, and plaintiff contending that it was June 15, 2012, three months after the date set forth in the order at document 79. Plaintiff's motion for leave to file a second amended complaint (Doc. 91) was not filed until April 30, 2012. Accordingly, there are two permissible views of the evidence and the Court finds that the deadline was April 18, 2012. Thus, plaintiff's motion was untimely. Therefore, plaintiff's objections are denied.

### III. Conclusion

For the reasons stated above, plaintiff's objections (Doc. 184) are denied.

**IT IS SO ORDERED.**

**Signed this 6th day of December, 2012.**

David R. Herndon
2012.12.06
08:30:32 -06'00'

**Chief Judge**
**United States District Court**