IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEVIA MOULTRIE,

    Plaintiff,

vs.                                                    No.   3:11-cv-00500-DRH-PMF

PENN ALUMINUM INTERNATIONAL,
LLC,

    Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.   Introduction and Background

Pending before the Court is defendant's Bill of Costs (Doc. 204). Specifically, defendant asks for $8,630.37 in costs which include: (1) $4,728.40 for deposition transcripts; (2) $259.25 for a discovery dispute transcript; (3) $479.17 for internal photocopying; (4) $3,092.45 for outside vendor photocopying; and (5) $71.10 for Illinois Department of Human Rights ("IDHR") administrative file photocopying. Plaintiff filed timely objections to the bill of costs (Doc. 211).

In his objection (Doc. 211), plaintiff first asserts that he should be excused from paying the costs because he is indigent. He also raises specific objections addressed below. For the following reasons, the Court **GRANTS in part** and **DENIES in part** defendant's Bill of Costs (Doc. 204). Plaintiff Levia Moultire is **ORDERED** to pay defendant Penn Aluminum, LLC's costs in the amount of

$4,699.75.

## II. Analysis

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." *Cefalu v. Vill. Of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). There is a presumption in favor of the award of costs, and in order to overcome that presumption, "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (citing *M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1409 (7th Cir. 1991)). Thus, Rule 54(d)(1) establishes "a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

### A. Indigence

The Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *see also Riveria,* 469 F.3d at 634 ("[I]t is within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)." (internal quotations omitted)).

*Rivera* provides the Court with a roadmap. *Id.* at 635. First, it directs the Court to "make a threshold factual finding that the losing party is incapable of

paying the court-imposed costs at this time or in the future." *Id.* (internal quotations omitted). Here the burden is on the losing party, the plaintiff in this case, to provide "sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Second, *Rivera* points to three factors, none of which are solely determinative: 1) the amount of the costs, 2) the good faith of the losing party, and 3) the closeness and difficulty of the issues raised by a case. *Id.* Importantly, also in *Rivera*, the Circuit notes "that the [indigence] exception is a narrow one." *Id.* at 636.

According to plaintiff's objection, plaintiff is a 68-year old retired Penn Aluminum worker. His wage prior to April 2013 was $12.57 per hour. He is currently not working and is living off of social security income. In support of this assertion, plaintiff provides his motion for permission to appeal *in forma pauperis* (Doc. 211-1) and its associated affidavit (Doc. 211-2). According to these submissions, plaintiff receives a little over $2,000 in monthly income from social security, has about $450 in personal savings, and, not including his home, approximately $23,000 in assets. Plaintiff also asserts that his wife is unable to work. He claims that "[h]e does not have assets sufficient to cover the requested costs and does not anticipate income sufficient to cover the costs in the future" (Doc. 211 at 3). Plaintiff additionally provides the transcript of a discovery dispute conference before Magistrate Judge Philip M. Frazier (Doc. 211-3) in an effort to demonstrate the "closeness and difficulty of the issues" in the case (Doc. 211 at 4).

While plaintiff indicates that he supports his wife, who is unable to work, he

has disclosed an incoming cash flow of more than $2,000.00 each month and substantial assets. Also, although it appears his expenses might outweigh his income, the information he has provided the Court is insufficient and differing on that front (*See* Docs. 211-1, 211-2). Plaintiff also does not address his future ability to pay, but merely states that he is retired. Therefore, the Court does not find the plaintiff's case to meet the requirements as they were contemplated by the Seventh Circuit in *Rivera*. *See Rivera,* 469 F.3d at 636.

### B. Specific Objections

Although the prevailing party is presumptively entitled to costs, not all of the costs of litigation are recoverable. "[A] district court may not tax costs under Rule 54(d) unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. N. Atl. Trading Co.,* 481 F.3d 442, 447 (7th Cir. 2007). The following costs are allowed pursuant to 28 U.S.C. § 1920: (1) fees of the clerk and marshal; (2) fees for transcripts, (3) witness and printing fees and expenses, (4) fees for copies or papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable, and (2) whether the amount assessed is reasonable. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Further, 28 U.S.C. § 1924 requires that the party filing the bill of costs verify the claimed items by attaching an affidavit attesting "that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily

performed."

### 1. $4,728.40 for Deposition Transcripts

Defendant first asserts that it is entitled to recover $4,728.40 spent on deposition transcripts and associated stenographic costs. Specifically, eight witness were deposed during the course of this litigation: plaintiff, Dr. Robert Carter, Marshall Steele, Paul Crawford, Steve Gale, Dan Mann, Kenny Sizemore, and Georgia Baine. Defendant argues that the deposition transcripts "were necessary for the effective defense of this case" (Doc. 204 at 2). In support of this request, defendant submitted copies of the invoices for these depositions (Doc. 204-1). Plaintiff's specific objections to the deposition transcripts are addressed below.

#### a. Exhibits

Plaintiff objects to the allowance of $72.40 for the cost of exhibits because the exhibits are equally in the possession of each party (Doc. 204-1 at 4). Where an employer already has possession of the exhibits, the costs of transcribing the deposition exhibits will not be awarded. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998). The Court will therefore deduct $72.40 from the total award.

#### b. Price per Page

Plaintiff next objects to the "excessive" costs for the deposition transcripts (Doc. 211 at 5). Specifically, he asserts that the amount should not exceed the regular copy rate established by the Judicial Conference of the United States as

currently $3.00 for a deposition transcript and $4.00 for an expedited transcript (Doc. 211 at 5) (citing *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998)). In the Southern District of Illinois, the Court has broad discretion and is not beholden to the specificity of the local rule relied on by the Seventh Circuit in *Cengr*. Compare S.D. Ill. Local Rule 54.2 *with* N.D. Ill. Local Rule 54.1. The key, as noted in that case, is that the depositions are necessary and the associated costs reasonable. *Cengr*, 135 F.3d at 453. The undersigned will adopt the Northern District's framework requiring that the costs of copies not exceed the Judicial Conference's maximum regular rate. See N.D. Ill. Local Rule 54.1.[1] In this case, the depositions in question took place in 2012. However, plaintiff misstates the 2012 Judicial Conference Rates; they are instead $3.65 for an ordinary transcript (the regular rate) and $4.25 for a 14-day transcript.[2] According the Court's calculations, only one deposition copy should be modified, that of Dr. Robert Carter. Therefore, the Court will adjust the per page rate to $3.65 modifying the total for the 280-page transcript from $1,148.00 to $1,022.00, a difference of $126.

　　c. Appearance Fees

　　Plaintiff additionally objects to the court reporter appearance fees in the Moultrie deposition and the Carter deposition (Doc. 211 at 5-6). Although

---

[1] N.D. Ill. Local Rule 54.1 reads in pertinent part, "If in taxing costs the clerk finds that a transcript or deposition was necessarily obtained, the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed . . . . Court reporter appearance fees may be awarded in addition to the per page limit . . . ."

[2] United States District Courts, Federal Court Reporting Program, http://www.uscourts.gov/FederalCourts/UnderstandingtheFederalCourts/DistrictCourts/FederalCourtReportingProgram.aspx (last visited January 3, 2014). *See also* Harney v. City of Chicago, 702 F.3d 916, 927 (7th Cir. 2012) (indicating that the Judicial Conference's regular copy rate at the time was $3.65 per page).

attendance fees are not specifically mentioned in 28 U.S.C. § 1920, the Court has the discretion to award them pursuant to 28 U.S.C. § 1920(2). *Harney v. City of Chicago*, 702 F.3d 916, 927-28 (7th Cir. 2012). In this case, the Court will allow the appearance fees.

   d. E-Transcripts

Plaintiff also asserts that the cost of e-transcripts should be disallowed because they are obtained only for the convenience of the attorney (Doc. 211 at 6) (citing *O'Neal v. Altheimer & Gray*, 2002 WL 31109393 (2002) (unreported)). The Court finds the reasoning in *O'Neal* persuasive. E-transcripts in of themselves are not necessary to litigating the case but are merely for the attorney's convenience. *Id.* The Court will therefore disallow $25.00 from the Moultrie deposition invoice and $75.00 from the Crawford, Gale, and Mann invoice.

   e. Other Issues: Postage, Courier Costs and Exhibit Archive

Plaintiff argues that the postage on the Moultrie deposition ($5.00), the courier fee on the Carter deposition ($10.00), and the exhibit archive amount on the Carter deposition ($9.00) should be disallowed as not authorized by statute. The Court agrees and will disallow these costs because they are not authorized by statute.

Therefore, taking into account the disallowed amounts detailed above, the Court will allow $4,406.00 in costs for the deposition transcripts.

   **2. $259.25 for Discovery Dispute Transcript**

Defendant additionally asserts that the transcript of the discovery dispute

conference on January 12, 2012 was "reasonably necessary for [defendant] to meet its discovery obligations and prepare for trial" (Doc. 204 at 2). In support of this request, defendant provides the invoice for the cost of the transcript (Doc. 204-2).

Plaintiff again argues that the $4.25 price per page is excessive and requests a reduction to $3.00 per page (Doc. 211 at 5). However, as previously indicated the Judicial Conference copy rate for a 14-day transcript is $4.25 per page and $3.65 for a regular copy. Following the Northern District of Illinois scheme, the Court will not award fees for any expedited turn-around on the transcript. *See* N.D. Ill. Local Rule 54.1. Therefore, the Court will adjust the per page rate to $3.65 modifying the total for the 61-page transcript from $259.25 to $222.65, a difference of $36.60.

### 3. $479.17 for Internal Photocopying

Defendant requests $479.17 for internal photocopies. Defendant asserts that it is entitled to this recovery as the copies of papers were necessarily obtained for use in the case. Plaintiff objects to the in-house coping charges because there is no per page amount listed nor is the nature of the documents copied stated. The Court agrees, defendant has failed to provide any information regarding the internal photocopying as required by 28 U.S.C. § 1924. This information may be contained in the invoices provided by counsel but the Court is unable to determine which invoices may be for internal photocopying. Therefore, the Court disallows the $479.17 requested for internal photocopying.

### 4. $3,092.45 for Outside Vendor Photocopying

Defendant also requests $3,092.45 for costs associated with outside vendor scanning and copying. Defendant asserts that "[t]hese costs were reasonable necessary as a result of Plaintiff's overly burdensome discovery demands . . . " (Doc. 204 at 3). In support of this request, defendant provides copies of the invoices for photocopying and scanning services (Doc. 204-3 at 2-10). However, defendant does not provide any information regarding the nature of the charges and appears to include charges from this case on invoices that include charges for other cases. The Court notes that some items are highlighted, starred, and occasionally double starred. However, upon review of the invoices the Court was unable to determine how defendant arrived at its $3,092.45 figure.

Even if the Court were to decipher the invoices, the entire figure appears disallowed. First, labor costs are not authorized by statute therefore $1502.4 (Doc. 204-3 at 8-10) would be disallowed. Second, electronic bates stamping, "blowback," OCR, and CD's are also not allowed by statute. Therefore, a total of $375.57 would additionally be disallowed. Finally, the Court would disallow the scanning charges because, again, defendant does not provide any information as to which methods were used or for what purpose the scans were used. These charges total $883.40. This amount does not include the imaging charge (Doc. 204-3 at 5) for $1,085.80 because it does not say that the invoice does not say that this charge is explicitly for scanning but the Court can speculate that it probably is. Including the imaging charge, the disallowed costs total $3847.17, several hundred dollars more than the requested amount. Therefore, the Court disallows in their

entirety the costs for external photocopying.

### 5. $71.10 for IDHR Administrative File Photocopying

Defendant's final request is $71.10 for photocopying costs from obtaining plaintiff's file from IDHR. In support of its request, defendant provides a copy of the invoice for this service (Doc. 204-3 at 1). Plaintiff does not specifically object to these copies and the invoice clearly indicates the case, the item, and the price. Therefore, the Court allows this cost request.

### III.    Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** defendant Penn Aluminum, LLC's Bill of Costs (Doc. 204). Plaintiff Levia Moultire is **ORDERED** to pay defendant Penn Aluminum, LLC's costs in the amount of **$4,699.75.**

**IT IS SO ORDERED.**

Signed this 8th day of January, 2014.

David R. Herndon
2014.01.08
21:53:41 -06'00'

**Chief Judge**
**United States District Court**